

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8653

July 27, 2022

**BY ECF**
The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *Thompson v Annucci* / 22 Civ. 2632 (ER)

Dear Judge Ramos:

I represent the defendants Acting Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS") Anthony J. Annucci and Mr. Grinnell in this matter. Pursuant to Your Honor's individual rules, I submit this pre-motion letter setting forth the ground for defendants' motion to dismiss. Defendants intend to move to dismiss the complaint as the claims set forth therein are now moot.

By this action plaintiff Heather Ann Thompson, PhD seeks injunctive relief. Specifically, Dr. Thompson seeks an order enjoying DOCCS from prohibiting the distribution of *Blood in the Water, The Attica Prison Uprising of 1971 and its Legacy* in the New York State correctional system and requiring DOCCS to provide prompt notice should the publication be prohibited at any facility. Dr. Thompson does not seek monetary damages.

*Blood in the Water* is a publication about the 1971 Attica uprising. In the past, this publication was not permitted in some DOCCS' correctional facilities. Given the passage of time, however, DOCCS has determined that the incarcerated population is now permitted to have access to this publication. Accordingly, on May 16, 2022, Facility Superintendents and Deputy Superintendents of Programs were advised that the paperback version was permitted in all facilities.

Presently, the paperback version of *Blood in the Water* is allowed to be possessed by incarcerated individuals in all facilities. Only one edit has been made to the publication. *Blood in*

*the Water* contains a two page map of Attica Correctional Facility. This two-page map is being removed from the publication for security reasons. Because, however, on the back of one of the removed pages is a list of those individuals who died or were wounded during the uprising, each paperback version contains an inserted photocopy of the list of those individuals. Because this map is on the back cover of the hard-covered version of the publication, if an incarcerated individual has purchased the hard-covered version, DOCCS is purchasing the soft cover version of the book and providing it to that individual.

With respect to Dr. Thompson's request for an order requiring that she be provided with notice should the publication be rejected, as noted the publication is now permitted in all facilities. Moreover, in the unlikely event that Dr. Thompson sends an incarcerated individual a copy of *Blood in the Water* and it is rejected at the incarcerated individual's facility, pursuant to DOCCS Directive 4572(3)(d)(6) Dr. Thompson will receive notice.

A claim for injunctive or declaratory relief is moot for purposes of Article III where "it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979)(citations omitted). Here, there is no reasonable expectation that the alleged violation will recur. As noted, not only is DOCCS allowing the incarcerated population to obtain and possess *Blood in the Water*, but in those instances where the incarcerated individual has purchased the hard-covered version of the book, DOCCS is providing the paperback version of the publication. Thus, Plaintiff's claim is moot.

Wherefore, it is respectfully requested that the Court grant a pre-motion conference in connection with Defendants' motion to dismiss.

,

Respectfully submitted,

*Rebecca Ann Durden*

Rebecca Ann Durden
Assistant Attorney General
Rebecca.Durden@ag.ny.gov