August 1, 2022

<u>Via ECF</u>

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

<u>Re</u>:   *Thompson v. Annucci*, 22 Civ. 2632 (ER)

Dear Judge Ramos:

The Cardozo Civil Rights Clinic and New York Civil Liberties Union Foundation represent Plaintiff Heather Ann Thompson in this constitutional challenge to Defendants' censorship in New York prisons of *Blood in the Water*, a Pulitzer-Prize winning historical account of the 1971 Attica Uprising.  Pursuant to Rule 2.A.ii. of the Court's individual practices, we write in response to Defendants' pre-motion letter, dated July 27, 2022, ECF No. 15, to explain why Defendants' purported, partial cessation of the conduct Dr. Thompson challenges in this case does not warrant dismissal.

Contrary to the contention in their pre-motion letter, Defendants' sudden willingness to permit portions of *Blood in the Water* in New York prisons does not moot this case.  Rather, Defendants' abrupt pivot — following years of censoring *Blood in the Water* and only after Dr. Thompson filed suit — falls squarely within the voluntary cessation doctrine. As courts have long recognized, "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is *absolutely clear* the alleged wrongful behavior could not reasonably be expected to recur."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 190 (2000) (emphasis added).  Defendants do not meet that "stringent" standard here.  *Id.* at 170.

*First*, by acknowledging their ongoing practice of censoring portions of *Blood in the Water*, *see* Defs.' Pre-Mot. Ltr. 1–2, ECF No. 15 (describing censorship of multiple pages), Defendants effectively concede that they continue to engage in precisely the conduct challenged in the Complaint, thereby vitiating at the outset any argument that this case is moot.[1]  *See Connecticut Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 446 (2d Cir. 2021)

---

[1] Defendants rely on unspecified "security reasons" to justify continuing to censor portions of *Blood in the Water*.  Defs.' Pre-Mot. Ltr. 2, ECF No. 15.  But that issue bears on the merits, not mootness, and is not properly before the Court on Defendants' anticipated Rule 12(b)(1) motion.  *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)

(recognizing mootness requirement that the alleged violation have been "completely and irrevocably eradicated") (quoting *Mhany Mgmt. Inc. v. Cnty. of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016)).

*Second*, Defendants offer nothing to assure they will not "return to [their] old ways" once this litigation ends. *Laidlaw*, 528 U.S. at 170. Defendants describe their *current* practice of allowing portions of *Blood in the Water* in New York prisons, but that new practice arose only after Dr. Thompson filed this suit. *See Nat. Res. Def. Council v. U.S. Dep't of Energy*, 362 F. Supp. 3d 126, 138 (S.D.N.Y. 2019) ("Courts look at voluntary cessation of challenged conduct particularly skeptically where it 'appear[s] to track the development of th[e] litigation.'") (quoting *Mhany Mgmt.*, 819 F.3d at 604). And Defendants do not otherwise make any "absolutely clear" commitment not to censor *Blood in the Water* anew in the future. *Laidlaw*, 528 U.S. at 170.

And *third*, Defendants' invocation of agency policy to demonstrate that Dr. Thompson will receive notice of future instances of censorship ignores the import of what the Complaint alleges: that Defendants have repeatedly and consistently ignored that policy, failing to notify Dr. Thompson of a single decision to censor copies of *Blood in the Water* that she has sent to incarcerated individuals in New York prisons. *See* Compl. ¶¶ 53–55, ECF No. 1. The mere existence of a notice requirement that Defendants have flouted in the past simply does not make "absolutely clear [Defendants'] allegedly wrongful behavior could not reasonably be expected to recur." *Laidlaw*, 528 U.S. at 190.

For all these reasons, Defendants cannot satisfy their burden under the voluntary cessation doctrine, and this action is not moot.

\*\*\*

We thank the Court for its consideration of this letter and are available at the Court's convenience to address any questions the Court may have.

---

("[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject matter jurisdiction, *i.e.*, the court's statutory *power* to adjudicate the case."); *cf. Chafin v. Chafin*, 568 U.S. 165, 174 (2013) ("But that argument . . . confuses mootness with the merits."). Moreover, the question of whether Defendants' censorship is justified by a legitimate penological interest under *Turner v. Safley*, 482 U.S. 78, 89–90 (1987), is "a factual and context-specific inquiry" not appropriate for resolution at the pleading stage. *Washington v. Gonyea*, 538 F. App'x 23, 27 (2d Cir. 2013) (summary order) (citing *Ford v. McGinnis*, 352 F.3d 582, 596 (2d Cir. 2003); *Salahuddin v. Goord*, 467 F.3d 263, 277 (2d Cir. 2006)).

Respectfully submitted,

| | |
|---|---|
| NEW YORK CIVIL LIBERTIES UNION FOUNDATION | CARDOZO CIVIL RIGHTS CLINIC |
| */s/ Antony P. F. Gemmell* | */s/ Betsy Ginsberg* |
| Antony P. F. Gemmell | Betsy Ginsberg |
| Veronica R. Salama* | |

\* application for admission pending

*Counsel for Plaintiff*