### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

**HEATHER ANN THOMPSON, PH.D.**,

        Plaintiff,

    v.

**ANTHONY J. ANNUCCI**, as Acting
Commissioner, New York State Department of
Corrections and Community Supervision;
**RAYMOND C. GRINNELL**, as Coordinator of
Special Subjects, Department of Education, New
York State Department of Corrections and
Community Supervision

        Defendants.

Case No. 22-CV -02632 (ER)(SN)

**STIPULATION AND ORDER OF
SETTLEMENT AND DISMISSAL**

## I.    INTRODUCTION

a.  <u>Parties</u>. Plaintiff Professor Heather Ann Thompson is the author of *Blood in the Water: The Attica Prison Uprising of 1971 and Its Legacy* ("*Blood in the Water*"), the book that is the subject of this lawsuit. Defendant Anthony J. Annucci is the Acting Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"). Defendant Raymond C. Grinnell is the Coordinator of Special Subjects for the Division of Education at DOCCS. Both Defendants are sued in their official capacities.

b.  <u>Purpose</u>. The Purpose of this Stipulation and Order of Settlement and Dismissal ("Agreement") is to settle the above-captioned case in its entirety.

c.  <u>Basis for Lawsuit</u>. Plaintiff Professor Heather Ann Thompson brought this action seeking to enjoin DOCCS for its refusal to allow incarcerated New Yorkers to read *Blood in the Water*. *Blood in the Water* offers a historical account of the 1971 events at Attica. Professor Thompson alleges that DOCCS's policy of censoring the book violates her rights under the First Amendment to the United States Constitution. She also alleges that DOCCS's failure to provide her with proper notice of any decision to censor her book, after she had mailed it to incarcerated individuals, violates her rights under the Fourteenth Amendment to the United States Constitution. She brought this action pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief requiring that Defendants allow

1

individuals in DOCCS's custody to keep and read *Blood in the Water* and provide Professor Thompson with proper notice of any decision to censor the book.

   d. <u>No Admission of Liability</u>. It is understood and agreed that any action taken or payments made pursuant to this Agreement are made solely to avoid the burdens and expense of protracted litigation, and that this Agreement and the actions taken or payment made pursuant hereto are not to be construed as constituting any determination on the merits of any claims whether asserted or purportedly asserted in the Action, or as constituting any admission of wrongdoing or liability on the part of the Defendants, DOCCS, the State of New York, or any of their current and former principals, officers, directors, members, trustees, shareholders, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, personally and in their official capacities.

## II.   TERMS

Plaintiff and Defendants (collectively, the "Parties"), by their attorneys, stipulate and agree as follows:

   A. Upon court approval of this Agreement, DOCCS shall immediately permit, and cease all actions that prevent individuals incarcerated in its facilities from receiving, possessing, and reading the book entitled *Blood in the Water*, except as provided in subclauses A.1 and A.2.

      1. When an incarcerated individual is sent the paperback version of *Blood in the Water*, DOCCS may remove the two-page illustration of Attica's layout, which appears between the title page and table of contents in the paperback version of *Blood in the Water*. When DOCCS removes the illustration, a staff member shall photocopy the dedication page to the individuals who were killed or wounded in the Attica uprising—which is located on the backside of one of the pages of the illustration—and insert the photocopy in the book to be provided to the recipient.

      2. When an incarcerated individual is sent the hardcover version of *Blood in the Water*, the Facility Media Review Committee shall inform the intended recipient in its Inmate Disposition Notice (Form #4572B) that the book is available in the library and that the paperback version is permitted into the facility.

   B. Plaintiff or her designee shall send two copies of *Blood in the Water* for each DOCCS facility's General Library, where they shall remain available to be borrowed by that facility's incarcerated individuals.

      1. The eighty-eight paperback copies shall be sent to the Department of Corrections and Community Supervision, Office of Correctional Library Services, Harriman State Campus, Building 4, 1220 Washington Avenue, Albany, New York 12226-2050. DOCCS shall distribute two copies of the book to each of the forty-four DOCCS facilities.

      2. Upon receipt of the two copies, each DOCCS facility shall immediately maintain those copies of *Blood in the Water* for use by the incarcerated population in the General Library, if one exists, pursuant to DOCCS's procedures as described in

Directive #4470 § V, "Access to General Library Services." If the facility has two General Libraries, then one copy will be placed in each General Library. DOCCS shall make reasonable efforts to ensure that both copies remain available."

C. Within fourteen days of court approval of this Agreement, DOCCS shall post the document appended to this Agreement as Exhibit 1 and entitled "Notice of Settlement" in the General Library of every DOCCS facility.

1. Where a DOCCS facility does not have a General Library, or any other library as described in Directive #4470 "General Library Services," DOCCS shall post this notice in the Law Library or program area used for education.

2. DOCCS shall ensure that this notice is posted in an area of the library that is visible to the incarcerated population and shall not remove this notice for a period of one year.

D. Within fourteen days of court approval of this Agreement, DOCCS shall post the document appended to this Agreement as Exhibit 2 and entitled "Notice to Package Room" in the package room of all DOCCS facilities for a period of one year.

E. Within sixty days of court approval of this Agreement, Defendants' counsel shall provide written confirmation to Plaintiff's counsel that DOCCS has complied with the requirements of Sections II.A–D. of this Agreement. If a DOCCS facility does not have a General Library, such that the Notice of Settlement must be placed somewhere other than a General Library, the written confirmation of compliance shall describe the location within each DOCCS facility where the Notice of Settlement has been posted. Such confirmation shall be sent to:

> Betsy Ginsberg
> Cardozo Civil Rights Clinic
> 55 Fifth Ave, 11th Fl.
> New York, NY 10003-4391.

F. Whenever *Blood in the Water* is sent to an incarcerated individual, and the Facility Media Review Committee disapproves any portion of it, DOCCS shall provide notice to the sender or, if the sender is not known, to the publisher, as required by DOCCS Directive #4572 III(D)(6). If *Blood in the Water* is sent via a commercial vendor, DOCCS shall deem as the "sender" the individual or entity who caused the vendor to send the publication, and shall direct notice to that sender, provided that the sender is reasonably identifiable. Where the sender is not reasonably identifiable, DOCCS shall send notice to the publisher: Vintage, a division of Penguin Publishing, at:

> Heather Ann Thompson
> C/O Edward Kastenmeier, Vice President and Editorial Director
> Knopf Doubleday Publishing Group
> Penguin Random House
> 1745 Broadway, 12th Floor
> New York, NY, 10019

G. <u>Release</u>.  In consideration of the payment of the sum recited in Paragraph "I" of this Agreement, and the other good and valuable consideration described herein, the sufficiency of which is hereby acknowledged, Plaintiff, on behalf of herself, her heirs, executors, administrators, successors, and assigns (the "Releasing Party") hereby releases and forever discharges each of the Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), together with all of their present and formal principals, officers, officials, directors, members, employees, agents, attorneys, insurers, subdivisions, and subsidiaries, heirs, administrators, and assigns whether in their individual or official capacities (the "Released Parties") from all actions that the Releasing Party ever had against some, any, or all of the Released Parties, for any act, transaction, occurrence, omission, cause, or matter up to and including the date of this Agreement regarding the causes of action which are described, alleged, or contained in the Complaints in this Action.

H. <u>Enforcement</u>.

1. The Court shall retain jurisdiction over this case to enforce this Agreement.

2. If Plaintiff believes that Defendants have failed to comply with any material term of this Agreement, Plaintiff shall notify Defendants in writing of facts supporting that belief. Such notice shall be sent to the Office of the Attorney General and to the Department of Corrections and Community Supervision, Office of Counsel.

3. Defendants shall be afforded thirty days from their receipt of such notice to confer, respond, and/or remedy the alleged noncompliance.

4. Following the thirty-day period for Defendants to respond and/or remedy the noncompliance, if Plaintiff believes the noncompliance persists, the Parties shall meet and confer to resolve the issue(s).

5. If the Parties are unable to resolve the issue(s) satisfactorily, Plaintiff may notify the Court and the Court may appoint the Magistrate Judge in this action to mediate the dispute. The Parties agree to make a good-faith effort to resolve any dispute in mediation.

6. If the dispute has not been resolved through mediation in compliance with this Agreement within sixty days of beginning mediation, Plaintiff may file a motion with the Court seeking enforcement of this Agreement, as well as all remedies provided by law.

I. <u>Attorney's Fees and Costs</u>.

1. Defendants shall pay the sum of $75,000 for attorney's fees, costs, and disbursements, in full satisfaction of any and all claims in this lawsuit. Defendants shall disburse these funds to Plaintiff's counsel in one lump sum to be disbursed

among themselves. The payment of $75,000 referred to in this paragraph shall be made payable and delivered to "New York Civil Liberties Union Foundation," 125 Broad Street, 19th Floor, New York, New York 10004.

2.      State Approval of Payment

Payment of the settlement amount specified in Paragraph I of this Agreement is subject to the approval of all appropriate State officials in accordance with New York Public Officers Law § 17.  Plaintiff's attorney agrees to promptly execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment.

3.      Accrual of Interest

In the event that payment of the settlement amount paid to Plaintiff, as specified in Paragraph 1 of this Settlement Agreement, has not been made by the one hundred twentieth (120) day after receipt by the Office of the Attorney General of a "So Ordered" copy of this Settlement Agreement, entered into the record by the Clerk of the Court, together with all other documentation required under Paragraph 1 of this Agreement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue a the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day.

J.  The Parties stipulate and jointly request that the Court find that the relief described in this Agreement is narrowly drawn, extends no further than necessary to correct the alleged violations of federal rights, and is the least intrusive means necessary to correct the alleged violations of those federal rights and accordingly complies in all respects with 18 U.S.C. § 3626(a)(1)(A).

K.  This Agreement is effective immediately upon the Court's so-ordering the Agreement.

L.  The terms of this Agreement are binding on Plaintiff; Defendants, in their official capacities; and on Defendants' successors in office, employees, and agents.

M.  This Agreement is the entire agreement among the Parties.

N.  Upon approval of this Agreement by the Court, Plaintiffs shall execute, deliver, and file a stipulation of dismissal with prejudice of the Action.

CARDOZO CIVIL RIGHTS CLINIC, BENJAMIN
N. CARDOZO SCHOOL OF LAW
*Attorneys for Plaintiff*

By     */s/ Betsy Ginsberg*
       Betsy Ginsberg
       Saul Thorkelson, Legal Intern
       Peri Feldstein, Legal Intern

NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
*Attorneys for Plaintiff*

By     */s/ Antony P.F. Gemmell*
       Antony P.F. Gemmell
       Veronica R. Salama
       Christopher T. Dunn

*Plaintiff*

By     *Heather Ann Thompson*
       Heather Ann Thompson

REBECCA ANN DURDEN
Assistant Attorney General of the State of
New York
*Attorneys for Defendants*

By    /s/ *Rebecca Ann Durden*
       Rebecca Ann Durden


IT IS SO ORDERED

Dated:    June 14         , 2023
       New York, New York



_____
Edgardo Ramos
U.S. District Judge

6

# EXHIBIT 1

**HEATHER ANN THOMPSON, PH.D.**,

        Plaintiff,

   v.

**ANTHONY J. ANNUCCI**, *et al.*

        Defendants.

Case No. 22-CV-02632 (ER)(SN)

# NOTICE OF SETTLEMENT

Please take notice of the Settlement in the above-captioned case, dated _____, 2023 and signed by United States District Judge Edgardo Ramos. **This settlement requires DOCCS to allow people incarcerated in all DOCCS prisons to receive, own, and read the paperback book entitled,** *Blood in the Water*: *The Attica Prison Uprising of 1971 and Its Legacy Blood in the Water* (pictured below). DOCCS is permitted to remove the two-page illustration opposite the dedication page at the beginning of the paperback version, but must insert a photocopy of the dedication page.

**The settlement also requires DOCCS to <u>maintain two (2) copies</u> of this book in the general library, or, if none exists, in the library services collection at each DOCCS prison.**

If you believe you have been wrongfully denied this book, you, or someone on your behalf, may write to:

NEW YORK CIVIL LIBERTIES UNION
Attn: Antony Gemmell
125 Broad Street, 19th Floor
New York, New York 10004
BloodintheWater@NYCLU.org



# EXHIBIT 2

# NOTICE TO PACKAGE ROOM

## NOTICE OF SETTLEMENT

Please take notice of the Settlement in the case *Thompson v. Annucci, et al.* No. 22-CV-02632 (ER)(SN), dated _____, 2023 and signed by United States District Judge Edgardo Ramos.

- This settlement requires DOCCS to allow people incarcerated in all DOCCS prisons to receive, own, and read the paperback book entitled, ***Blood in the Water: The Attica Prison Uprising of 1971 and Its Legacy* by Heather Ann Thompson.** (pictured below).

- **DOCCS may remove the two-page illustration of Attica Correctional Facility** between the title page and table of contents in the paperback version of *Blood in the Water.*

- When DOCCS removes the illustration, **a staff member must photocopy the dedication page listing the names of those who were killed or wounded at Attica, and insert the photocopy in the book before delivering it to the recipient**.

*For questions about how to purchase the paperback version of this book, please contact your Superintendent or Deputy Superintendent for Program Services.*

